## KINZIE *v.* THE FARMERS AND MECHANICS' BANK OF MICHIGAN.

Assumpsit upon a promissory note, endorsed by the defendant, to the plaintiffs, dated at Chicago, Illinois, and payable at St. Joseph, Michigan.—Plea that the note was made, endorsed, and delivered, at Chicago, in the state of Illinois; that, by a statute of that state, particularly set forth, endorsers were discharged from liability, unless the degree of diligence therein specified, was used by the holder, in the institution and prosecution of suit against the maker; and that such diligence had not been used in this case, whereby the defendant was discharged.—Replication, that the note was made and endorsed for the purpose of being discounted, and was discounted, by the plaintiffs, at their banking house, at St. Joseph, in the state of Michigan, and was there delivered to them, by the defendant, for the purpose of being so discounted; *without this*, that it was delivered at Chicago, in the state of Illinois, in manner and form as in the plea alleged.—On general demurrer, *Held,* that the replication was sufficient; for that,

1. The inducement avers, in substance, that the defendant's contract of endorsement was made at St. Joseph, not only by the delivery there of the note endorsed, but by the negotiation of it there, by sale and receipt of the consideration by the defendant.

2. The replication admits merely that the defendant wrote his name on the back of the note at Chicago,—(not that the contract of endorsement was made there,)—and this act alone, the note remaining in his possession, could not render him liable as endorser.

3. The traverse is of the delivery of the note *with the defendant's endorsement upon it,* (and not of the delivery of the note merely,) at Chicago.

4. If too narrow in being of delivery only, the inducement being a sufficient answer to the plea, this defect is aided by general demurrer.

5. *Sed quære,* Whether delivery, or what in legal contemplation amounts to it, is not necessary to consummate the contract of endorsement.

6. The replication would not be sustained by proof of delivery of the note endorsed, to the plaintiff, by some intermediate holder between him and the defendant.

Where the holder of a note, striking out intermediate endorsements declares against a remote endorser as on an endorsement directly to himself, he recovers on the contract of the defendant with his immediate endorsee.

ERROR to Wayne Circuit Court.   Assumpsit by the defendants in error against Kinzie, as endorser of a promis-

sory note, made by one Jamison, dated at Chicago, July 22, 1837, and payable to Kinzie's order, ninety days after date, at the Branch Bank of the Farmers and Mechanics' Bank, at St. Joseph, Michigan.   The declaration averred, in the usual form, the making of the note by Jamison; Kinzie's endorsement and delivery of it to the plaintiffs below; presentment for payment; non-payment, and notice thereof.

The defendant below interposed a special plea, alleging that the note was *made, endorsed and delivered* at Chicago, in the state of Illinois; and setting forth a statute of that state, which required that due diligence should be used in the institution and prosecution of a suit against the maker of a note, for the recovery of the amount thereof, before the endorser can be made liable, unless in cases where the institution of such suit would have been unavailing, or the maker had absconded and left the state before the note became due; and averring that such diligence had not been used in the institution and prosecution of a suit against Jamison, on the note, although at the time when the note became due, he had not absconded or left the state of Illinois; whereby the defendant was discharged from liability on his endorsement.

To this plea the plaintiffs below replied, that the " note was made and endorsed, for the purpose of being discounted, and was discounted by them, at their banking house, at St. Joseph, in the state of Michigan; and for the purpose of being so discounted by the said plaintiffs, was delivered to them, by the said defendant, at their banking house at St. Joseph, in the state of Michigan aforesaid; *without this,* that the said note was *delivered* at Chicago, in the state of Illinois, in manner and form, as the said defendant hath above in his said plea in that behalf alleged."

To this replication, there was a general demurrer, and joinder therein.

On argument, the court below overruled the demurrer, and gave judgment for the plaintiffs below.   To reverse which, this writ of error is prosecuted.

*S. Barstow,* for the plaintiff in error.

1. The plea is a good bar to the action.   For, it is well settled, that the liability of a party to a contract is governed by the law of the place where it is made, or is to be performed.   Story's Confl. Laws, §§ 242, 244, 266, 270; 2 Kent's Com. 458, 459.   And an endorsement is a new contract, not designating on its face any place of performance, and is governed by the law of the place where it is made.   8 Pet. R. 361; Story on Bills, 163; Story's Confl. Laws, §§ 347, 314, 315, 316; 2 Kent's Com. 460, *note;* 1 Metc. R. 82.

2. The replication is bad.   Being in the form of a special traverse, the inducement should contain a sufficient answer to the substance of the plea.   A bad inducement cannot be helped by the special traverse.   Steph. Pl. 180—186; 1 Ch. Pl. 593, 619 to 623; 1 John. R. 316.   The material allegation in the plea is, that the note was endorsed at Chicago.   The inducement to the replication, does not state any fact inconsistent with this: It therefore admits it.   It may be said that the endorsement of a note is not consummated until delivery, and that an allegation that a note was delivered at a certain place, is equivalent to an allegation that it was endorsed there.   But this cannot be; for a note endorsed in blank may pass through numerous hands, and the last endorsee may declare against the endorser, and allege delivery directly from such endorser to himself.   The law looks upon him as the immediate contracting party with the endorser.   He may write a special endorsement over the endorser's signature;

and, if the above position is correct, the place of actual delivery to the last holder must be the place of endorsement. In other words, the doctrine contended for asserts, that if A endorses B's note for B's accommodation, his liability depends, not upon the place of endorsement, but upon the place where B afterwards negotiates it. It alters the very nature of the contract of endorsement, for to *endorse*, means to assign by writing on the bill or note, and the contract may be made before the bill or note is drawn. Story on Bills, 244, '5 ; Ch. on Bills, 240 ; Dougl. 496 ; 7 Cow. 336.

The fact of delivery at St. Joseph, is not inconsistent with the fact of a previous delivery at Chicago. Supposing there had been such previous delivery, would not the contract of endorsement have been complete at Chicago? And yet the defendants in error might have safely alleged delivery to them at St. Joseph, by the plaintiff in error, treating him as a direct contractor with themselves ; (Story on Bills, 229, 230 ; Bayl. on Bills, 148,) and issue could not have been safely taken upon such delivery.

The law of the *place where the endorsement was written,* must govern the contract as a general rule. For, the liability of the endorser of a note is the same with that of the drawer of a bill. 4 Mass. R. 258 ; Chitt. on Bills, 266 ; 3 East. 483 ; 7 Id. 435 ; Story on Bills, 122 ; and it is well established that his liability is governed by the law of the place where he signs the bill, though it may go to a foreign country before it reaches the hands of any person entitled to recover upon it ; and though, when drawn, blanks are left for names and dates. Story on Bills, 30, 31 ; Bayley on Bills, 146 ; 1 Steph. N. P. 797 ; 5 Taunt. 529 ; 1 M. & Selw. 87.

Again : A bill or note endorsed before it is made or drawn, is construed to be a bill or note *by relation*, from the time of *signing or endorsing*. Chitt. on Bills, 240.

The liability in such a case does not, it is true, commence until negotiation, but when it does commence, the contract is held to take effect from the time of signing or endorsing.

From the well established principle before alluded to, that the endorser is held to contract directly with the holder, (1 Steph. N. P. 848, 851 ; Dougl. 633 ; 1 Wash. C. C. R. 100, 44,) it follows that the delivery to the last holder completes the contract between him and the endorser ; and the law of the place of such delivery must govern that contract, if the principle assumed by the replication be correct. Thus the liability of the endorser would be made to depend upon the place of last negotiation, and would consequently be liable to be varied by each transfer. Such a position cannot be sustained for a moment.

If the above positions are correct, it is clear that the averment in the replication that the note was delivered at St. Joseph, is not equivalent to a denial that it was endorsed at Chicago, and that the replication is, in substance, insufficient.

*S. T. Douglass,* for the defendants in error.

1. The plea was insufficient to bar the plaintiffs' action. Where a contract specifies a place of performance, the law of that place governs. Story's Confl. Laws, § 280; 6 Pet. R. 172, 203. The contract of the defendant below, as endorser, was, that the maker should pay the note at St. Joseph, where it was made payable. St. Joseph was the place of performance, and therefore the law of Michigan governs. Chitt. on Bills, 266 ; *Rothschild* v. *Currie,* 41 E. C. L. R. 428.

2. Admitting the plea to be good, the replication is a sufficient answer to it. The inducement at least alleges with sufficient certainty, that the note and endorsement were first delivered, by the defendant, to the plaintiffs, at St. Joseph; and is followed by a formal traverse of such

delivery at Chicago, as alleged in the plea. And we contend that the contract of endorsement must be regarded as made, when and where the note is, in legal contemplation, delivered by the endorser to his endorsee. Pothier on Ob. Pt. 1, Ch. 1, § 1, Art. 2; Grotius, Lib. 2, Ch. 2; Chitt. on Contr. 12, (5 Am. from 3 Lon. Ed.;) *Routledge* v. *Grant*, 15 E. C. L. R. 99; *Mactier* v. *Frith*, 6 Wend. 103, 113, 114, 139; *Cox* v. *Tracy*, 7 E. C. L. R. 163; *Adams* v. *Jones*, 40 Id. 189; *Duncan* v. *United States*, 7 Pet. 448, 449; *Bank of Augusta* v. *Earle*, 13 Id. 532, *per Sargeant arguendo.* The ordinary form of a declaration against an endorser shows that delivery is essential to perfect the contract of endorsement, for the allegation in the old forms is, that the defendant " endorsed and delivered" the bill or note; and it was only the decision that " endorsed," included or implied *delivery*, that led to the omission of this allegation of delivery in the recent English forms. Chitt. on Bills, 589; 774 n. d.; 7 T. R. 596; 5 East. 477; 1 Chit. Prec. 76*a*, *note x*; 3 Law Lib. 85, n. 6.

Where the endorser writes his name in one place, and delivers the note in another, the former certainly cannot be regarded as the place of making the contract; for, besides that this would be to maintain that it was made when and where, according to principles universally applicable to all contracts, it had no legal obligation or existence, such a doctrine would open wide the door for fraud, and tend to restrict the circulation of negotiable paper, which it is the policy of the law to promote. No witnesses attest the act of the endorser in writing his name; there is but one party to it; and no holder would have the means of ascertaining where it took place, and, consequently, what law would govern the liability of the endorser.

It is admitted, however, that where an endorsement, or any other contract, having no specified place of perform-

ance, designates on its face some place where it purports to have been made, the law of this place will, in general, govern, without regard to the place of delivery.   For the reason why the law of the place of making a contract is held to govern it, is, because it is presumed that this is the place where the parties intend it shall be performed ; (Story's Confl. Laws, § 280 ;) and the designation of a place where a contract is to be regarded as made, is virtually a designation of this, as the place of performance.   It is said that the liability of the drawer of an accepted bill, and that of the endorser of a note, are precisely alike ; and that it is well established that the drawer's liability is governed by the law of the place where he *draws* the bill. Admitted ; but is the place where the bill is *written*, merely, to be regarded as the place where it is *drawn ?*   Certainly not.   But the place where it purports, on its face, to have been drawn, or, if no such place is designated on the face of the instrument, then the place of its first negotiation by the drawer.

There is no foundation for the doctrine that, in ordinary cases, the liability created by the endorsement of a bill or note, although it does not accrue until after negotiation, yet then *relates back* to the time and place where the endorser wrote his name.   *Mactier* v. *Frith*, 6 Wend. 111, 112, 113.

It is argued that an endorser promises to pay the note to his immediate endorsee, or to whoever may afterwards become the holder, and that, therefore, where the last holder receives a note which has been negotiated by several successive transfers, *there*, in contemplation of law, it is delivered to him by the first endorser.   But it is well established that, in contemplation of law, the note is delivered by the first endorser so as to consummate his contract when and where it is delivered to his immediate endorsee ; and not where the last holder receives delivery.

Story's Confl. Laws, §§ 317, 344, 346 to 348, and cases there cited; 16 Mart. (La.) R. 277.   This error being exposed, the arguments based upon it fall to the ground.

GOODWIN, J. delivered the opinion of the Court.

It is insisted on the part of the plaintiff in error, that the replication is insufficient, and the judgment should be reversed.   On the part of the defendants in error, that it is sufficient, and even if not, that the plea is bad in substance, and insufficient to bar the action.

Is the replication a sufficient answer to the special plea?

The plea alleges, in substance, that the endorsement upon which the suit is brought, was made at Chicago, in Illinois, and that the measures required by the laws of that state had not been taken, to charge the endorser;—assuming the principle that the law of the place of the making of the contract, is to govern as to its legal effect.

The replication consists of a formal traverse, with an inducement.   This is a proper mode of pleading when a party sets up, in bar of his adversary's pleading, new facts inconsistent with those alleged by him.   After stating the facts which constitute his answer to the previous pleading, he concludes with a formal traverse of one or more of the material facts alleged by his adversary, and which are inconsistent with the truth of his own.   By resorting to this course, instead of a general denial of the matter pleaded, or of a material point presented, the facts are placed on the record, and the legal question arises of their sufficiency or insufficiency as an answer to the case made by the pleading to which they are interposed.

As to this mode of pleading, it is a rule that the new matter stated as inducement to the traverse, must appear to be sufficient in substance, to defeat the opposite party's allegation, and if a defective title be shown, the inducement will be bad, though in stating it, so much certainty

does not appear to be requisite as in other parts of pleading, because it is seldom traversable,—the other party being compellable, in his rejoinder, or other pleading, to adhere to his own allegation, which has been traversed. Also, the traverse must not be of immaterial matter, and must not be too large or too narrow. But if defective, or if there be none, it can only be taken advantage of by special demurrer, and is aided on general demurrer, or by pleading over,—the material part of the pleading being the facts which are set up inconsistent with, and in answer to, the opposite pleading. 1 Chit. Pl. 539 ; 1 Saund. R. 14, n. 2.

Are then the facts set out in the inducement to the replication, inconsistent with those averred in the plea, and in substance a sufficient answer to it?

The material averment of the plea which the replication assumes to answer, is that the indorsement of the note was made at Chicago, in Illinois,—making the place of the contract of indorsement the material point. The replication then alleges that the indorsement (as well as the note) was made for the purpose of being discounted by the plaintiffs, (I mean the plaintiffs below, and for convenience, shall thus designate them hereafter in this opinion,) at their banking house, at St. Joseph; that it was there discounted, and was there delivered to them by the defendant, for the purpose of being thus discounted. In other words, that the note was presented, by the defendant, the endorser, to the plaintiffs, at their banking house, at St. Joseph, for discount; that it was there discounted by them,—that is, the money was advanced and paid to him for the note,—and that concurrently therewith, the note endorsed was by him delivered to the plaintiffs. If this be the true construction of the replication, it seems evident that the contract of endorsement was made at St. Joseph, and not at Chicago ; for there is not only the delivery of the note and endorsement to the plaintiff, by the defend-

ant, but the negotiation of it by sale, and receipt of the consideration,—the money paid upon the discount.   Upon this view the averments are a sufficient answer to the plea; and upon a close examination of the replication, this seems to be its true construction.   It is urged by the counsel for the defendant, that, by the replication, the endorsement at Chicago is admitted, and the other allegations are merely of facts which would be evidence to disprove what is thus admitted.   This argument arises from the equivocal use of the word " endorse."   It is sometimes used to indicate the contract by which the transfer is made by the endorser, of which the writing the name on the paper is a part and of which it is *prima facie* the evidence, and usually the entire evidence; at other times, it denotes the mere writing of the name on the paper.   When used, the context must determine the signification in which it is used.   In the plea, the defendant uses the terms endorse and deliver, though a delivery, in the use of the term first mentioned, is involved in the endorsement to the endorsee, and an averment of such endorsement is sufficient without adding an averment of a delivery.   In the replication, the word is obviously used to indicate the writing the name on the paper, and the contract is set out.   The mere writing the name, with nothing further, the paper remaining in the parties' possession and control, does not create the liability.

It is further insisted that the traverse *is too* narrow :— First, that it is of the delivery only of the note, and not of the endorsement; but it is of the delivery of the note in manner and form as alleged in the plea, and the delivery there alleged, is, in substance, with the endorsement upon it.   Second, that a traverse of the *delivery* is immaterial, and that the endorsement may be consummated and create a liability before an actual delivery.   We have already seen, that upon a general demurrer, such defect, if it exist,

is unavailable where the previous inducement is in substance sufficient. But it is urged in support of the replication, that a delivery, or what by legal construction amounts to it, is necessary to consummate the contract of the endorser. In the view above taken of the replication, its sufficiency is not regarded as turning upon the isolated fact of the delivery, inasmuch as the contract is set out in it. I have, however, given the question considerable examination; and, the general principles applicable to contracts, as well as the authorities cited, particularly that of Story in his treatise on Bills, and the cases of *Cox* v. *Tracy*, 7 E. C. L. R. 163, and *Adams* v. *Jones*, 40 E. C. L. R. 94, indicate very strongly that, to consummate the endorsement, there must be a delivery in fact, or what, by legal construction and effect, amounts to a delivery.

It was urged that the averments in the replication would be sustained by proof that the note was delivered by a subsequent holder;—that, by the endorsement, authority is given to him to negotiate it, and the delivery by the authority of the endorser thus given, is his delivery. So far as regards the note, this position is correct. So far as regards the contract of endorsement, the delivery would be *of it, as it was made*, and would no more vary that, than it would that of the note, which had been previously consummated. And the proof of the negotiation and delivery, by a subsequent endorsee, would not be proof of the contract alleged in the replication, between the endorser and the plaintiffs. When blank endorsements are stricken out, and the plaintiff declares on an endorsement directly to himself, he recovers on the contract of the endorser with his immediate endorsee, being substituted for him. So in the case of an accommodation endorser, who delivers the note to the maker, and the maker negotiates it. Such proof, in this case, would not sustain the allegations in this replication. In the case put of negotiation by an agent,

People *v.* Judges of Cass Circuit Court.

the time and place when and where the legal liability of the endorser arises, must necessarily depend upon the circumstances of each case; showing the period at which it passes from his hands a perfect endorsement in respect to the subsequent holder. In this case, it appears to me the facts stated in the replication would be sustained by proof that the negotiation and delivery alleged, were through the instrumentality of an agent.

It is said by the counsel for the plaintiff in error, that there is no material fact in the replication upon which he could take issue. According to the rules of pleading, I see no difficulty in the way of putting in issue the whole matter of the replication, by taking issue upon the traverse in it, of a material fact contained in the plea, (and such the traverse in this case seems to me to be,) which would be by re-asserting the matter traversed, and concluding to the country; or, if that traverse were immaterial, then by re-asserting the substantive matter of the plea answered by the replication, and traversing the latter, and concluding to the country. Upon the whole, then, we deem the replication a sufficient answer to the plea, and the *judgment* should therefore be affirmed.

*Judgment affirmed.*